IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**JONAH PAUL ANDERS v. MAYLA ANDERS**

**Appeal from the Circuit Court for Shelby County**
**No. CT-004293-16  Gina C. Higgins, Judge**
_____

**No. W2016-02561-COA-R3-CV**
_____

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., BRANDON O. GIBSON, J., AND KENNY ARMSTRONG, J.

Jonah Paul Anders, pro se.

Milandria King, Memphis, Tennessee for the appellee, Mayla Anders.

**MEMORANDUM OPINION**[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones**,* 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the following pleadings: 1) the "Motion for Reconsideration" filed by Appellant on November 30, 2016; and, 2) the "Motion for Reconsideration" filed by Appellant on February 14, 2017.

Thus, by Order entered on July 18, 2017, the Court entered an Order directing Appellant Jonah Paul Anders to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court. In the event that Appellant did not obtain entry of a final judgment within the time provided therein, Appellant was directed to, within fifteen (15) days from the entry of that Order, show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Our Order of July 18, 2017, also provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of the Order by both regular mail and by certified mail, return receipt requested. As of this date, the Clerk of this Court has not received either the return receipt or the certified mail parcel. The mail parcel that was mailed by regular mail has not been returned to the Clerk. On October 11, 2017, the Clerk received the affidavit of Sandy Montesi, Principal Clerk of the trial court, stating that, as of October 11, 2017, no order had been entered in the trial court since this Court's order had been filed. As of this date, Appellant has not otherwise responded to our Order of July 18, 2017.

In light of the foregoing, it is apparent that the order appealed is not a final judgment. Consequently, this Court lacks jurisdiction and therefore, this appeal must be dismissed.

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is hereby dismissed without prejudice and remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this matter are assessed to Appellant Jonah Paul Anders for which execution may issue, if necessary. **It is SO ORDERED.**

**PER CURIAM**